UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LINQUISTA WHITE, EMILY BELLAMY and JANICE CARTER,<br><br>            Plaintiffs,<br>    v.<br><br>KEVIN SHWEDO, in his official capacity as the Executive Director of the South Carolina Department of Motor Vehicles; and RALPH K. ANDERSON III, in his official capacity as the Chief Judge of the South Carolina Administrative Law Court and Director of the South Carolina Office of Motor Vehicle Hearings,<br><br>            Defendants. | No. 2:19-cv-03083-RMG<br><br><br><br>MOTION TO LIFT STAY AND TO DISMISS FOR LACK OF JUSTICIABILITY |

Defendant Kevin Shwedo, in his official capacity as the Executive Director of the South Carolina Department of Motor Vehicles, hereby moves to lift the current stay in effect in this action, and to dismiss this action because of mootness and the absence of currently-justiciable issues. All three named Plaintiffs have satisfied all requirements for the reinstatement of their drivers' licenses, and accordingly have had their drivers' licenses reinstated in 2019 (White) and in 2020 (Bellamy and Carter). This case has never been certified as a class action, and there is no motion for class certification pending. As a result, and in accordance with the weight of authority in the Fourth Circuit and elsewhere, it should be dismissed.[1]

---

[1] Under Local Civil Rule 7.04 (D.S.C.), a full explanation of the motion is provided in this document, and, accordingly, a separate supporting memorandum would serve no useful purpose.

**PROCEDURAL HISTORY**

This action was filed on October 30, 2019, by Plaintiffs Linquista White, Emily Bellamy, and Janice Carter. On November 1, 2019, Plaintiffs filed a Motion for Class Certification. ECF No. 8. On November 25, 2019, Plaintiffs filed their Motion for Preliminary Injunction. After briefing and a telephone hearing, the Court denied Plaintiffs' Motion for Preliminary Injunction by Order and Opinion dated May 11, 2020. ECF No. 75. In that Order, the Court concluded that Plaintiffs could not show a likelihood of success on the merits under the standards of *Winter v. Natural Resources Defense Council, Inc.* 555 U.S. 7, 24 (2008).

A description of the subsequent events in the case is found in an Order dated August 18, 2020, denying Plaintiffs' Motion to Compel Discovery

> . . . Thereafter, on June 12, 2020, Plaintiffs presented Defendant with extensive discovery requests seeking personally identifying information and other details regarding all persons who have had their driver's licenses suspended for non-payment of fines and fees in South Carolina since 2014. (Dkt. Nos. 83-2, 83-3). The Court conducted a telephone conference with counsel on July 21, 2020 and expressed concern regarding the Plaintiffs' pending motion for class certification because the named Plaintiffs appeared not to be appropriate class representatives due to the fact that they failed to appear at their summary court trials and, thus, did not seek the benefit of the indigency protection provisions set forth in S.C. Code Section 17-25-350. The Court also noted the adverse line of decisions in other courts and advised Plaintiffs they might be better served to withdraw their motion for class certification without prejudice with leave to refile and await the Fourth Circuit's decision in *Johnson v. Jessup*. Later that same day, July 21, 2020, Plaintiffs withdrew their motion. (Dkt. No. 85).

Order denying Plaintiffs' Motion to Compel, ECF No. 94 at 2-3.

Not long after that Order, Plaintiffs filed a consent motion to stay further proceedings until the Fourth Circuit's decision in *Johnson v. Jessup* (Appeal No. 19-1421), which the Court granted by text order. ECF No. 96 (9/11/20).[2]

The relief sought by the named Plaintiffs in the Complaint that is neither declaratory nor prospective in nature was an order "requir[ing] the DMV to lift all current suspensions on driver's licenses for failure to pay traffic tickets under Section 56-25-20. . . ." Complaint, ECF No. 1 at 93, Prayer for Relief, ¶ (g)(ii). Such relief is plainly no longer needed by any of the three named Plaintiffs. This action is therefore moot as to the request for injunctive relief, and, as discussed herein, also fails to present justiciable issues as to any other claims. As a result, this action should be dismissed.

**FACTS**

The facts relevant to the present motion are set forth in the Affidavit of Shirley Rivers, filed herewith and its attachments, but may be briefly stated as follows:

- At the time this action was filed in October 2019, Plaintiff Janice Carter was under four active suspensions of her license dating back to July 3, 2017. Between April 22, 2020 and June 26, 2020, she paid all outstanding fines and reinstatement fees, and on that date was eligible to obtain a driver's license, which was issued on August 17, 2020. Her license has not been suspended since then and she presently has full driving privileges.

- At the time this action was filed in October 2019, Plaintiff Emily Bellamy was under four active suspensions of her license that occurred between August 2018 and December 2018. Beginning in February 2020, she began paying the outstanding fines and fees. All fines and

---

[2] In the meantime, the parties in *Johnson v. Jessup* reached a tentative settlement, which as of this writing is awaiting approval by the district court.

fees were paid as of August 21, 2020, and she obtained a driver's license on August 24, 2020. Her license has not been suspended since then and she presently has full driving privileges.

- At the time this action was filed in October 2019. Plaintiff <u>Linquista White</u>'s driver's license had been suspended on March 24, 2019 for failure to pay a traffic ticket, but she paid the ticket on September 16, 2019, which resulted in the restoration of her license.[3] Her license has not been suspended since then and she presently has full driving privileges.

It is therefore apparent that all three named Plaintiffs now possess valid driver's licenses, and have had them for at least a year (Bellamy and Carter), or almost two years, in the case of Ms. White.

## ARGUMENT

**1.    The claims of the three Plaintiffs for injunctive relief are moot.**

All three Plaintiffs sought reinstatement of their drivers' licenses via this action, and all three have now had their licenses restored. It is axiomatic that these facts render moot their claims for injunctive relief restoring their licenses.

**2.    The claims of the three Plaintiffs for declaratory relief no longer involve a live controversy, and they likewise lack standing to present those claims.**

It has long been settled that in order to invoke federal jurisdiction,

> Abstract injury is not enough. It must be alleged that the plaintiff has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged statute or official conduct. *Massachusetts v.*

---

[3] Also, at the time of the filing of this action, Ms. White had three traffic tickets still pending from July of 2019. Complaint, ¶ 213. Those tickets were resolved by a summary court on November 19, 2019, as Plaintiffs admit in their November 25, 2019, Memorandum in Support of Preliminary Injunction, ECF No. 35-1 at 16 ("On November 19, 2019, two tickets [issued to Ms. White] were dismissed and one was resolved with a sentence to time served."). Unlike her prior failures to appear in court, it appears from court records that Ms. White did appear in court in connection with those July 2019 tickets

> *Mello*n, 262 U.S. 447, 488 (1923). The injury or threat of injury must be both real and immediate, not conjectural or hypothetical.

*O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)(cleaned up). As *O'Shea* further holds, a plaintiff seeking injunctive relief may not rely on prior harm: "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Id.* at 495-96.

These principles apply to requests for declaratory relief as well as for injunctive relief. *Am. Postal Workers Union v. Frank*, 968 F.2d 1373, 1377 (1st Cir. 1992)(principles of *O'Shea* apply with respect to declaratory judgments, which are authorized only "[i]n a case of actual controversy," (quoting 28 U.S.C. § 2201)); *Carver Middle Sch. Gay-Straight All. v. Sch. Bd. of Lake Cty., Fla.*, 842 F.3d 1324, 1330 (11th Cir. 2016)(court cannot grant declaratory relief when there is no immediate and definite governmental action or policy that has adversely affected and continues to affect a present interest).

As discussed under Point 3 herein, this case does not involve any of the exceptions to mootness and related doctrines, which makes the absence of a live controversy involving the named Plaintiffs fatal to their ability to continue litigating this case, even as an action for declaratory relief.

**3.     This case does not involve any of the exceptions to mootness and related doctrines.**

As stated in 1 *Newberg on Class Actions* § 2:11 (5th ed.), "[t]he dominant approach [among the circuits] moots the entire class action if the named plaintiff's claims become moot any time before a ruling on class certification." Fourth Circuit precedent has so held for at least four decades. *Clay v. Miller*, 626 F.2d 345, 347 (4th Cir. 1980)(case filed by former inmate plaintiff who had served his sentence could not continue as a class because he was not a member of the class he purported to represent at the time class certification was denied by the district court).

The Newberg treatise, *supra,* lists several exceptions to mootness doctrine that might be invoked to keep a class action alive when the named plaintiff's claims have become moot prior to certification. None of those exceptions apply here. The exceptions, and the reasons for their inapplicability, are as follows:

    a.    <u>Voluntary cessation by the defendant.</u>

This exception is inapplicable to the facts of this case. DMV has not changed anything. The Plaintiffs' claims became moot because they paid their outstanding fines and fees, and therefore satisfied existing DMV requirements for restoration of their driving privileges.

    b.    <u>Claims that are capable of repetition, yet evading review, or that are so inherently transitory that the trial court would not have enough time to rule on a motion for class certification before the proposed representative's individual interest expires.</u>

Neither of these exceptions applies here. As set forth above, the facts concerning the claims of the three named Plaintiffs show that their suspensions were in effect for at least six months (White), and in the cases of Bellamy and Carter, for one to two years. Even the shortest of these periods (six months) is long enough for preliminary injunctive relief to be sought and obtained if an entitlement to it could be shown.

The first exception (capable of repetition, yet evading review) applies where, among other things, "the challenged action is in its duration too short to be fully litigated prior to cessation or expiration. . . ." *Fed. Election Comm'n v. Wisconsin Right To Life, Inc.*, 551 U.S. 449, 462 (2007) As already noted, driver's license suspensions can remain in effect for months and years, which allows adequate time for their validity to come before a court in the form of a motion for preliminary relief, and for review by an appellate court if preliminary relief is denied. *See. e.g., Newdow v. Roberts*, 603 F.3d 1002, 1008-1009 (D.C. Cir. 2010), cert. denied, 563 U.S. 1001 (2011)(a plaintiff "must make a full attempt to prevent his case from becoming moot, an obligation

that includes filing for a preliminary injunction and appealing denials of preliminary injunctions," . . . ensuring that "only situations that truly evade review in an exceptional way fall under the doctrine's umbrella").

For the same reason, the "transitoriness" exception, as set forth in *Gerstein v. Pugh*, 420 U.S. 103, 111 n.11 (1975), affords no reason for this action to continue. In addition to the requirement of transitoriness, *Gerstein* has a second prong which Plaintiffs cannot r satisfy. As held in *Olson v. Brown,* 594 F.3d 577, 583 (7th Cir. 2010), "[w]hen the claim is inherently transitory, as it was in *Gerstein* and as it is in this case, the plaintiff must [also] show that there will likely be a <u>constant class of persons suffering the deprivation complained of in the complaint</u>." (Emphasis added).

*Gerstein* involved a claim of a constitutional right to a judicial hearing on the issue of probable cause for pretrial detention. The Supreme Court observed that "<u>it is certain</u> that other persons similarly situated will be detained under the allegedly unconstitutional procedures." *Gerstein*, 420 U.S. at 111 (emphasis added). Similarly, in *Olsen,* the plaintiffs submitted "fifty-three affidavits outlining problems similar to those complained of by Olson, makes it likely that [the defendant's] alleged practices of opening inmates' legal mail, denying inmates access to the law library, and failing to respond to inmates' grievances will continue." 594 F.3d at 584.

In the present case, however, Plaintiffs can make no such showing. To repeat a point made in DMV's Memorandum in Opposition to Class Certification, ECF No. 47 at 4-7, Plaintiffs' counsel seek a court-ordered remedy for persons who supposedly exist and who, unlike the named Plaintiffs, were "suspended simply because they cannot afford to pay traffic tickets. . . ," and whose suspensions were "directly the result of their inability to pay." However, S.C. Code Ann. § 17-25-350 requires courts to consideration of ability to pay criminal fines or fees, at least when the

7

defendant actually appears in the summary court. Plaintiffs have never shown that even a single person has had their license suspended "solely due to the person's inability to pay court fines and fees," Complaint, ¶ 264, much less that there is a sufficient number of such persons so as to constitute a "constant class" of such persons.

      **c.**      **Mootness arising from defendant's making a full offer of judgment.**

This exception, sometimes referred to as involving the defendant "picking off" the named plaintiffs by settling with them one by one, also has no application to the facts of this case DMV has never offered to settle only the cases of the named Plaintiffs, whether by offer of judgment or otherwise.

**4.**    **Because this case became moot and otherwise nonjusticiable before a class was certified, the proper action is for it to be dismissed.**

As already noted earlier, the Newberg treatise has pointed out that "[t]he dominant approach [among the circuits] moots the entire class action if the named plaintiff's claims become moot any time before a ruling on class certification." Later on in the same section, the treatise notes that "[m]ost courts that have addressed the question have adopted the general rule that mooting of the named plaintiff's claims before a ruling on class certification usually moots the class action.[footnote 9][4] . . . The rule is so widely accepted that it is usually repeated without significant analysis." Newberg, *supra,* § 2:11.

The instant case provides no reason for departure from the general rule. The Court has already made it clear that this case's status as a potential vehicle for a class action is worse than shaky. In the August 18, 2020 Order denying Plaintiffs' motion to compel discovery on their purported class claims, the Court noted that "the present named plaintiffs do not appear to be

---

[4] Footnote 9 of the treatise collects cases from the eleven numbered circuits (First through Eleventh) in support of this general rule.

appropriate class representatives" and reiterated a previous holding that Plaintiffs could not show a likelihood of success on the merits." ECF No. 94 at 2, 3. If Plaintiffs' counsel ever locate one or more persons who, unlike the three named Plaintiffs, have actually been affected in the manner alleged, a new action could be filed. However, there is no factual or legal reason why this case should continue to remain on the Court's docket.

## CONCLUSION

For the foregoing reasons, Defendant respectfully submits that the Court should lift the stay on this action and dismiss the case.

        Respectfully submitted,

        DAVIDSON, WREN & DEMASTERS, P.A.

        BY:  *s/ Kenneth P. Woodington*
        WILLIAM H. DAVIDSON, II, Fed. I.D. No. 425
        KENNETH P. WOODINGTON, Fed. I.D. No. 4741

        DAVIDSON, WREN & DEMASTERS, P.A.
        1611 DEVONSHIRE DRIVE, 2ND FLOOR
        POST OFFICE BOX 8568
        COLUMBIA, SOUTH CAROLINA 29202-8568
        wdavidson@dml-law.com
        kwoodington@dml-law.com
        T: 803-806-8222
        F: 803-806-8855
        ATTORNEYS for Defendant

Columbia, South Carolina

September 3, 2021